UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Nos.  00-157 (RCL) |
| | : | 02-045 (RCL) |
| v. | : | |
| | : | |
| KENNETH SIMMONS | : | |
|     aka Garma-Goo | : | |
| | : | |
| RONALD ALFRED | : | |
|     aka Boo | : | |
| | : | |
| JAMES ALFRED | : | |
|     aka Bam | : | |
| | : | |
| FRANKLIN SEEGERS | : | |
| | : | |
| DEON OLIVER | : | |
| | : | |
| KEITH McGILL, | : | |
| | : | |
|     Defendants. | : | |

**GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' BRIEFS ON REMAND AND TO CONTINUE THE OCTOBER 1, 2021 HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court for an extension of time to respond to the Remand Briefs already filed – and further Remand Briefs expected to be filed – by the various defendants. The United States also moves to continue the current October 1, 2021 hearing date until after the filing of its responsive brief. The government proposes to file by November 12, 2021, its omnibus response to the motions and to set the hearing thereafter. Counsel for the defendants have taken different positions on this motion as set forth below. In support of this motion, the government states as follows.

1. The DC Circuit's opinion here remanded, *inter alia*, the drug quantity issue as to these defendants to this Court, stating:

    However, we remand to the district court to determine whether the admission

1

> of the drug report evidence affected the jury's findings as to the *quantities* of drugs involved in the charged conspiracies and, if so, which counts or quantity findings (if any) must be vacated with respect to each appellant. See <u>United States v. Fields</u>, 251 F.3d 1041, 1043 (D.C.Cir.2001) (under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), drug quantity is an element of the offense where it triggers a higher statutory maximum sentence). Here, in addition to convicting appellants of conspiracy to distribute "detectable amounts" of various drugs, the jury attributed to appellants specific quantities of drugs triggering higher statutory maximum sentences. On remand the burden will be on appellants to show, perhaps through additional briefing, that there is a reasonable probability that, but for the improperly admitted evidence, the jury's quantity findings would have been different. See <u>[United States v.] Dominguez Benitez</u>, 542 U.S. [74] at 82, 124 S.Ct. 2333.
>
> In sum, we reverse Seegers's two convictions for possession with intent to distribute cocaine and heroin, and remand to the district court to determine whether appellants can demonstrate that the improperly admitted drug report evidence affected the jury's drug quantity findings. We find that the Confrontation Clause violations were not prejudicial in any other respect. On remand, depending on which counts or quantity findings (if any) are vacated with respect to each appellant, the district court shall determine in the first instance whether resentencing is appropriate.

<u>United States v. McGill, et al.</u>, 815 F.3d 846, 892 (D.C. Cir. 2016).

2. The United States has assigned this aspect of the remand to the undersigned. Upon receiving this assignment, the undersigned began reviewing the potentially relevant transcripts from the trial to determine what evidence was presented at trial by the government with respect to the drug quantities associated with each defendant which would have formed the basis for the jury's convictions on the narcotics conspiracy counts. Such transcripts are voluminous; trial in this matter started in September 2003, with the final verdict in May 2004. Needless to say, the review of those transcripts is a time-consuming process. As of the date of the filing of this motion, the undersigned has finished reviewing the relevant transcripts through the middle of December 2003.

3. The government understands that defendants James Alfred, Deon Oliver and Franklin Seegers have filed their briefs; that the briefs of defendants Kenneth Simmons and

Ronald Alfred are due to be filed on October 4, 2021 and October 8, 2021, respectively; and that defendant Keith McGill will not be filing a motion on this matter.

4. The government proposes that it file an omnibus response to the briefs filed by the defendants by November 12, 2021.

5. In addition, the government requests that the hearing currently scheduled for October 1, 2021 be continued until a date after the filing of the government's response. The Court and the parties will be in a better position to assess the factual and legal arguments relevant to the issues to be decided by the Court after the issues have been briefed. In addition, the undersigned has a previously scheduled family commitment on October 1, 2021 that requires travel away from the Washington, D.C area.

6. The undersigned has reached out to counsel for the defendants regarding their positions on this motion, and they have advised the undersigned as follows:

    a. Franklin Seegers: Counsel for Mr. Seegers has graciously consented to the government's request to file its brief by November 12, 2021 and to continue the October 1, 2021 hearing.

    b. Deon Oliver:  Counsel for Mr. Oliver has advised that his client cannot consent to either aspect of the government's motion.

    c. Ronald Alfred: Counsel for Mr. Ronald Alfred has graciously consented to the government's request to file its brief by November 12, 2021 and to continue the October 1, 2021 hearing.

d.  Kenneth Simmons: Counsel for Mr. Simmons has graciously consented to the government's request to file its brief on November 12, 2021 and to continue the October 1, 2021 hearing.

e.  James Alfred:  The undersigned has asked counsel for Mr. James Alfred regarding his client's position on the government's motion, but has not yet made contact as of the filing of this motion.  Upon receiving Mr. James Alfred's position on the matter, counsel will advise the Court.

f.  Keith McGill: Counsel for Mr. McGill advised the government that the remand issue was not discussed at Mr. McGill's resentencing and that a Notice of Appeal has been filed and he is unsure if the appeal will touch on this issue or not.  When the government asked if counsel for Mr. McGill would be filing anything before this Court on this issue, counsel replied as follows: "I did address the issue in an initial sentencing memo, but then we agreed to have a new PSR prepared and the subsequent memos, including mine, did not mention the issue. Nor was the issue mentioned on the record during the hearing."  The undersigned assumes from this response, and the fact that Mr. McGill was recently resentenced, that Mr. McGill will not be filing a brief on this issue.

WHERFORE, the government respectfully requests that its motion for an extension of time to respond to the remand Briefs filed by the defendants and to continue the October 1, 2021 hearing be granted.

Respectfully submitted,

CHANING D. PHILLIPS
UNITED STATES ATTORNEY


___/s/ Arvind K. Lal_____
ARVIND LAL, D.C. Bar # 389496
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7688
Arvind.Lal@usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was served on counsel for the defendants via ECF on September 8, 2021.

___/s/ Arvind K. Lal_____
ARVIND K. LAL